

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 11, 1972

Honorable William J. Kemp
President, Texas State Board
 of Dental Examiners
310 Capitol National Bank Bldg.
Austin, Texas  78701

Opinion No.  M-1233

Re:  By what method may
     third parties legally
     engage in providing
     dental care for people
     in Texas, and related

Dear Dr. Kemp:

     questions.

        In your recent request for an opinion from this office, you asked the following questions:

### Question 1.

        By what method may third parties, whether individuals or groups, government or business, charitable organizations or professional organizations legally engage in providing dental care for people in this State?

### Question 2.

        Can a professional organization, such as the Texas Dental Association, contract for dental services to be rendered to citizens of this State by its members who are Texas dental licensees?

### Question 3.

        Can the Welfare Department or Health Department of the State of Texas contract for dental care to be rendered to citizens of this State by Texas dental licensees?

### Question 4.

        Must the provisions of the Dental Service Corporation (Article 1396-2.01, Sub. A(1)) be complied with where the private relationship of doctor and patient is not originally present but is

-6038-

furnished by others than the individual (patient)?

The initial problem in answering your first, second, and fourth questions is whether any third party can contract for dental services, as defined by Article 4551a, Vernon's Civil Statutes,* to be rendered to citizens of this State, because Subdivision (4) of that statute provides:

"Any one who owns, maintains or operates any office or place of business where he employs or engages, under any kind of contract whatsoever, any other person or persons to practice dentistry as above defined shall be deemed to be practicing dentistry himself, and shall himself be required to be duly licensed to practice dentistry as hereinabove defined, and shall be subject to all of the other provisions of this Chapter, even though the person or persons so employed or engaged by him shall be duly licensed to practice dentistry as hereinabove defined."  (Emphasis added.)

Article 4551c provides that "The actual practice of dentistry in violation of the laws of the State shall be enjoined at the suit of the State . . . ."

The prohibition against third parties contracting for such dental services is repeated in Article 754a, Vernon's Penal Code.  Article 752 of that Penal Code provides:

". . . It shall be unlawful for any person or persons to operate, manage, or be employed in any room, rooms, office, or offices where dental service is rendered or contracted for under the name of a corporation, company, association, or trade name, or in any other name than that of the

---

*All references to Articles are to Vernon's Civil Statutes, unless otherwise noted.

legally qualified dentist or dentists actually en-
gaged in the practice of dentistry in such room,
rooms, office or offices; provided, however, this
shall not prevent two or more legally qualified
dentists from practicing dentistry in the same
offices as a firm, partnership, or as associates
in their own names as stated in licenses issued to
them . . . Each day of violation of this Article
shall constitute a separate offense." (Emphasis
added.)

Article 754 of that Penal Code makes any violation of the above
articles punishable by a fine of $100 minimum to $1000 maximum
or 1 to 12 months in jail or both.

The respective exceptions to the above civil and criminal
prohibitions are found in Article 4551b, Vernon's Civil Statutes,
and Article 753, Vernon's Penal Code. The only exception that
applies to the questions at hand is exception (8), the same word-
ing appearing in both Articles, as follows:

"The definition of dentistry . . . shall not
apply to: . . . (8) Dental Health Service Corpora-
tions legally chartered under Subsection (1) of
Article 2.01, of the Texas Non-Profit Corporation
Act; . . ."

The Texas Non-Profit Corporation Act, Article 1396-2.01, Sub-
division A(1), provides in part:

"(1) Charitable corporations may be formed
for the purpose of operating a Dental Health
Service Corporation which service corporation
will manage and coordinate the relationship be-
tween the contracting dentist, who will perform
the dental services, and the patient who will
receive such services where such patient is a
member of a group which has contracted with the
Dental Health Service Corporation to provide dental
care to members of that group . . . ."

This language of the Texas Non-Profit Corporation Act is
permissive and not mandatory by its terms. However, since any
third person or association attempting to contract for services
to be rendered to citizens of the State would be in violation of
the Penal Code and subject to civil injunctive proceedings, it
would seem that the abovementioned Non-Profit Corporation provides

the only answer at present to your questions one, two, and four.

Since Article 4551a, Vernon's Civil Statutes, and Article 752, Vernon's Penal Code, by their terms do not prohibit State action, the answer to your third question requires examination of the statutory powers of the departments named.  The Medical Assistance Act of 1967, Article 695j-1, administered by the State Department of Public Welfare, states in section (2):

> "It is the intent of the Legislature to make statutory provision which will enable the State of Texas to provide Medical Assistance on behalf of needy individuals of this state and to enable the state to obtain all benefits provided by the Federal Social Security Act as it now reads or as it may here-after be amended, or by any other Federal Act now in effect or which may hereafter be enacted within the limits of funds available for such purposes.  Wherever used in this Act the term 'Medical Assistance' shall include all of the health care, services, assistance and benefits authorized or provided for in such Federal legislation."

The Social Security Act in 42 U.S.C. 1396(d)(a), defines "medical assistance" as including dentists' services to enumerated classes of people.  Therefore, the State Department of Public Welfare can contract for the rendering of dental services as provided in Article 695j-1.  However, the contract by the State Department of Public Welfare can cover only individuals who are eligible and receiving a grant of certain public assistance as specified by the statutes at the time of rendering the medical or dental services.

In the absence of a statutory duty or responsibility to provide dental care, an agency such as the State Department of Public Health could not contract to provide such care.  However, the State Department of Public Welfare is statutorily empowered to administer the Medical Assistance Act of 1967 under Article 695j-1.

Furthermore, the State Department of Public Welfare is statutorily authorized to enter into cooperative agreements with other State agencies and departments, such as the State Department of Public Health, as may be deemed "expedient," under Article 695j-1, Section 3(7) and thereby legally engage in providing dental care as above stated.  It is our opinion that the Dental Practices Act, including Article 4551c and Articles 752 and 754a,

are inapplicable to the State and its agencies in the discharge of these statutory responsibilities.   53 Tex.Jur.2d 58, Statutes, Sec. 32; 49 AmJur. 235, States, Sec. 14, p. 236, Sec. 15.

## S U M M A R Y

Third parties, except the State and its agencies, whether individuals, associations, or corporations, may legally contract for dental care to be rendered to citizens of the State only by complying with Article 1396-2.01 of the Texas Non-Profit Corporation Act.  The State Department of Public Welfare and other State agencies, can so contract pursuant to the Medical Assistance Act of 1967.  (Article 695j-1, V.C.S.) and Article 695c, Section 4(12), Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman
Jim Swearingen
Gerald Ivey
James McCoy
James Quick

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant